JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-07964 MMM (AGRx) | Date | October 12, 2010 |

| | |
|---|---|
| Title | *Lary Kennedy, et al. v. Full Tilt Poker, et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Granting Voluntary Dismissal of Action Without Prejudice; Denying Plaintiffs' *Ex Parte* Application for Reconsideration as Moot

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2009, plaintiffs filed this action in Los Angeles Superior Court, alleging multiple claims related to defendants' operation of an online poker room.[1] In addition to state law claims, *inter alia*, for fraud and libel, plaintiffs alleged that defendants' operation of the site violates the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Based on plaintiffs' RICO claim, defendants removed the action to federal court on October 30, 2009, invoking the court's federal question and supplemental jurisdiction.

Plaintiffs filed a second amended complaint on January 11, 2010, naming seventeen defendants and alleging nine state law causes of action, one federal RICO claim, and a libel claim under Irish law.[2] On April 26, 2010, the court dismissed plaintiffs' RICO claim without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court declined to exercise supplemental jurisdiction over plaintiffs' state law claims until such time, if any, as they had stated a valid federal

---

[1] Notice of Removal, Exh. A ("Complaint"), Docket No. 1 (Oct. 30, 2009).

[2] Second Amended Complaint, Docket No. 33 (Jan. 11. 2010).

claim that provided a basis for jurisdiction in the case.[3] The court granted plaintiffs leave to file an amended complaint that included their state law claims if they repled the RICO claim.

On May 6, 2010, the court granted in part defendants' *ex parte* application seeking a stay of discovery.[4] While the court stayed discovery pending the filing of a viable federal claim, it ordered that the parties exchange initial disclosures so that plaintiffs could obtain the information necessary for them to give pre-filing notice of their intended California Consumer Legal Remedies Act ("CLRA") claim.

On May 17, 2010, plaintiffs filed a third amended complaint that realleged the RICO claim. The pleading also alleged claims not included in prior complaint and added new defendants. The pleading thus exceeded the authorization to amend the court granted in its April 26 order.[5] Defendants moved to dismiss under Rule 12(b)(6).[6] On August 5, 2010, however, the court struck plaintiffs' third amended complaint because plaintiffs had not sought leave of court to add new claims and defendants as required by Rule 15, and because the complaint failed to identify the basis for federal jurisdiction as required by Local Rule 8–1.[7] The court ordered plaintiffs to file a motion to amend or an amended complaint that complied with its prior orders and the local rules within seven days.

On August 11, 2010, plaintiffs filed an *ex parte* application for reconsideration of the August 5 order striking the third amended complaint and the May 6 order staying discovery.[8] Alleging that they had not received the information necessary to provide notice of the CLRA claim in the parties' exchange of initial disclosures under Rule 26, plaintiffs sought either (1) an order granting specified discovery and extending the time within which to file an amended complaint or (2) an order dismissing the RICO claim without prejudice and remanding the action to state court. Defendants

---

[3]Order Re Defendants' Motion to Dismiss ("April 26 Order"), Docket No. 60 (April 26, 2010).

[4]Order Granting in Part and Denying Part Defendants' Ex Parte Application to Stay Discovery, Docket No. 71 (May 6, 2010).

[5]Third Amended Complaint, Docket No. 73 (May 17, 2010).

[6]Motion to Dismiss, Docket No. 79 (June 14, 2010).

[7]Order Striking Third Amended Complaint, Docket No. 85 (Aug. 5, 2010).

[8]Motion for Reconsideration ("Motion"), Docket No. 86 (Aug. 11, 20100). See also Order Construing Motion for Reconsideration as an *Ex Parte* Application, Docket No. 87 (Aug. 12, 2010); Amended Reply in Support of Motion for Reconsideration ("Reply"), Docket No. 92 (Aug. 16, 2010).

oppose the application.[9]

Prior to entry of an order on the reconsideration application, plaintiffs filed a "notice of non-contest of April 26, 2010 order dismissing [the RICO claim] without prejudice and remanding state-law causes of action . . . and amendment of motion for reconsideration."[10] Citing Rule 41(a)(1)(A)(i), plaintiffs requested voluntary dismissal of their RICO claim and remand of the non-federal claims over which the court previously declined to exercise jurisdiction.[11] The notice states: "Plaintiffs hereby notify this Court that they do not contest this Court's April 26, 2010 order, dismissing the cause of action under [RICO] . . . without prejudice and dismissing and remanding the non-federal law claims therein for lack of jurisdiction, and withdraw the[ ] first alternative request that this Court order discovery and extend the time for filing a motion for leave to amend the complaint . . . [.] [They] instead notify this Court that pursuant to the second alternative set forth therein, they accept the dismissal of the RICO cause of action without prejudice and dismissal and remand of the non-federal claims and action to the Los Angeles County Superior Court."[12]

Defendants objected to plaintiffs' notice. They asked that the court dismiss the RICO claim with prejudice and exercise supplemental jurisdiction over plaintiffs' non-federal claims.[13] Plaintiffs countered that defendants improperly sought reconsideration of that portion of the court's April 26 order that declined to exercise supplemental jurisdiction over plaintiffs' non-federal claims absent a viable federal claim.[14]

## II. DISCUSSION

### A. Dismissal of Plaintiffs' Claims

Rule 41(a) governs voluntary dismissal of civil actions. A plaintiff has a unilateral right to dismiss an action voluntarily by filing "a notice of dismissal before the opposing party serves either an answer or motion for summary judgment." FED.R.CIV.PROC. 41(a)(1)(A)(i). See also *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for

---

[9]Opposition, Docket No. 89 (Aug. 13, 2010).

[10]Notice, Docket No. 93 (Aug. 25, 2010).

[11]*Id.* at 3.

[12]*Id.* at 1.

[13]Response in Opposition to Plaintiffs' Notice, Docket No. 94 (Aug. 26, 2010).

[14]Objections to Response in Opposition, Docket No. 95 (Aug. 27, 2010).

summary judgment. The dismissal is effective on filing and no court order is required").

Although plaintiffs' pleading is captioned a "notice of non-opposition," their citation of Rule 41(a)(1)(A)(i) indicates that they intended the filing to be construed as a notice of voluntary dismissal. It states: "As this Court has already ruled that it will not exercise jurisdiction over the state law claims, Plaintiffs are entitled to have the Second Amended Complaint remanded with the RICO claim dismissed without prejudice. Exercise of this right is . . . consistent with Fed. R. Civ. P. 41(a)(1)(A)(i), which permits dismissal of an action without prejudice as of right 'before the opposing party serves either an answer or a motion for summary judgment.'" [15]

Defendants have not answered and the court has not construed defendants' motions to dismiss as motions for summary judgment. See *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)"). Nonetheless, the Ninth Circuit has held that plaintiffs "cannot use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). See also *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings"). Consequently, the court cannot dismiss the RICO claim under Rule 41(a)(1).[16]

Similarly, because plaintiffs have amended their complaint more than once, the court cannot

---

[15] Notice at 3.

[16] Certain Ninth Circuit cases have suggested that a plaintiff can dismiss "some or all of his claims" by filing a notice of dismissal under Rule 41(a)(1). See *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," citing *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (same)). Both *Wilson* and *Concha* cite *Pedrina v. Chun*, 987 F.2d 608 (9th Cir. 1993), which concerned the dismissal of claims against fewer than all defendants. See *id.* at 609-10 ("We agree with the First, Third, Fifth, and Eighth circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment"). Both also concerned actions in which plaintiffs sought to dismiss the entire action. See *Wilson*, 111 F.3d at 690-91 (procedural history indicating that plaintiffs sought to dismiss the entire action); *Concha*, 62 F.3d at 1505 (plaintiffs filed "a notice purporting to dismiss the entire action *without prejudice* pursuant to [Rule] 41(a)(1)" (emphasis original)). Consequently, the actions did not specifically address the dismissal of single claims, as did *Ethridge* and *Hells Canyon*, and the court concludes that the cases directly addressing that issue are the precedent that should be followed.

construe their request for dismissal of the RICO claim as an amendment of the complaint under Rule 15(a). Compare *Metcalf v. Countrywide Fin. Corp.*, No. C-09-2707 EDL, 2009 WL 2485750, *2 (N.D. Cal. Aug. 11, 2009) ("[C]onstru[ing] Plaintiff's voluntary dismissal of her federal claims as an amendment of the complaint" and subsequently granting plaintiff's separate motion for remand because plaintiff was entitled to amend once as a matter of right before the filing of defendants' answer). Rather, to effectuate plaintiffs' request that the court dismiss the RICO claim and remand the balance of the claims to state court, the court would have to dismiss the RICO claim under Rule 41(b).[17] Typically, such a dismissal operates as an adjudication on the merits, i.e., it is with prejudice. See FED.R.CIV.PROC. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits"). The court, however, has discretion to specify that dismissal is without prejudice.

Here, by attempting to file an amended complaint that exceeded the permissible scope of the

---

[17]Where a plaintiff whose complaint has been dismissed with leave to amend takes no compliant action, the Ninth Circuit has held that the appropriate response is the sanction of a Rule 41(b) dismissal. See, e.g., *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("*Yourish* [*v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999),] and *Ferdik* [*v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992),] both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*. In that situation, resources continue to be consumed by a case sitting idly on the court's docket. The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal. . . . Hence we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's *inaction*. When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment" (citations omitted)); see also, e.g., *Grubb v. Hernandez*, No. ED CV 06-00807 SJO (AJW), 2009 WL 1357411, at *4 (C.D. Cal. May 1, 2009) ("Plaintiff has not clearly made and communicated an affirmative choice to stand on his dismissed complaint and forgo amendment. Therefore, under the reasoning of *Edwards*, dismissal of this action with prejudice under Rule 41(b) is appropriate"). Here, of course, plaintiffs attempted to amend their RICO claim, albeit in a pleading that impermissibly added new claims and new defendants. Plaintiffs' subsequent filings have requested dismissal without prejudice of the RICO claim. Because plaintiffs neither amended properly within the time allotted by the court nor indicated that they did not intend to do so and intended to appeal the court's earlier dismissal of the RICO claim, Rule 41(b) applies. Plaintiffs' efforts to amend and their request for dismissal without prejudice, however, weigh in favor of dismissal without prejudice rather than the dismissal with prejudice that would typically follow a failure to take appropriate action in response to the granting of leave to amend.

leave to amend that had been granted, but that contained a repled RICO claim, and by requesting dismissal without prejudice of the claim, plaintiffs have indicated an intent not to abandon the RICO claim. The court cannot conclude at this stage of the proceedings that plaintiffs cannot state a cognizable RICO claim because it has reviewed only one iteration of the cause of action. Compare *Marquis Financial Services of Indiana, Inc. v. Centerstaging Corp.*, No. CV 08-06672-AHM, 2009 WL 2050243, *2 (C.D. Cal. July 7, 2009) ("Plaintiffs' case is too weak to warrant dismissal without prejudice. While the Court generously granted plaintiffs another attempt to comply with the PSLRA and Rule 9(b), it still remained doubtful that they could meet these demanding pleading requirements. In addition, according to plaintiffs' attorney, plaintiffs failed to provide him facts to adequately file a [third amended complaint]").[18] Consequently, the court concludes it is appropriate to exercise its discretion to dismiss the RICO claim without prejudice.

With the RICO claim dismissed, the court declines to exercise supplemental jurisdiction over plaintiffs' non-federal claims. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court"); *Anderson v. Countrywide Financial*, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, *6 (E.D. Cal. Oct. 16, 2009) ("Since state courts

---

[18]Dismissal of a claim or action with prejudice under Rule 41(b) is appropriate when a majority of the following factors favor dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits. *Sears v. Sacramento County and Management*, No. 93-17066, 1994 WL 146123, *1 (9th Cir. Apr. 25, 1994) (Unpub. Disp.) (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), cert. denied, 488 U.S. 819 (1988)); *Ferdik*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (discussing the five factors). Here, a less drastic alternative to dismissal with prejudice exists – namely, dismissal without prejudice. See *Isley v. Schriro*, No. CV 01-1567-PHX-MHM (DKD), 2007 WL 3287587, *4 (D. Ariz. Nov. 5, 2007) ("The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits '[u]nless the court in its order for dismissal otherwise specifies.' In this case, the Court finds that a dismissal with prejudice would be unnecessarily harsh"). See also *Bender v. LG Electronics U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2009 WL 4730900, *3 (N.D. Cal. Dec. 7, 2009) (same). Although defendants contend that the court should dismiss the RICO claim with prejudice, they do not identify any prejudice they will suffer if a without prejudice dismissal is entered. Defendants maintain that plaintiffs' claims are baseless and that they have expended substantial sums litigating this matter. Because the action is still in the pleadings stage, the court cannot make a finding that all of plaintiffs' claims are baseless. Moreover, defendants have generated much of the litigation activity in this case; plaintiffs are not solely to blame. Consequently, the court concludes that no cognizable prejudice has been shown.

have the primary responsibility to develop and apply state law, and the *Gibbs* values do not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3)"); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction"). See also *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"). It will therefore remand those claims to state court.

### III.  CONCLUSION

For the foregoing reasons, the court dismisses plaintiffs' RICO claim without prejudice under Rule 41(b).  It declines to exercise supplemental jurisdiction over the remaining non-federal claims, and directs the clerk to remand this action forthwith to Los Angeles Superior Court.  Plaintiffs' *ex parte* application for reconsideration is denied as moot.[19]

---

[19]While dismissal of plaintiffs' RICO claim and remand of their non-federal claims moots their earlier request for reconsideration, plaintiffs' arguments in support of reconsideration lacked merit.  Plaintiffs asserted that they did not need to comply with Local Rule 8-1 because they did not "invoke" federal jurisdiction but had the complaint removed.  This argument has been implicitly rejected by the Ninth Circuit.  See *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) ("Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice.  Any post-removal pleadings must be treated just as they would be in a case originally filed in federal court" (internal citations omitted)).   Plaintiffs also argued that the court's statement in its April 26 order that "plaintiffs may include their state claims in the amended complaint" was ambiguous, and suggested that they had leave to plead new state law claims and add new defendants.  This is clearly an unreasonable interpretation of the order.  The court issued a scheduling order the same day that set a deadline for seeking further amendment of pleadings; plaintiffs should have recognized that this deadline applied to claims not included in their earlier complaints.

Finally, plaintiffs contend that they could not obtain the information they needed to give statutory notice of their CLRA claim from defendants' initial disclosures under Rule 26.  Although they admit they received address information for the corporate defendants, plaintiffs argue that defendants' initial disclosures did not include the address "where the transaction occurred" or the corporate defendants' "principal place of business in California."  See CAL. CIV. CODE § 1782(a) (thirty days prior to commencing an action for damages under the CLRA, "notice shall be [sent] in writing . . . by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California").  Notice sent to a corporation's out-of-state headquarters, however, has been deemed sufficient under § 1782.  See *Shein v. Canon U.S.A., Inc.*, No. CV 08-07323 CAS (Ex), 2009 WL 3109721, *6–7 (C.D. Cal. Sept. 22, 2009) ("[B]y sending the demand letter to defendant's headquarters in New York . . . plaintiffs have served notice that substantially complies with the purposes of the notice requirement").  As a result, none of plaintiffs' arguments had merit.